IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-30053 |
| | ) | |
| PETE GREEN, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

RICHARD MILLS, United States District Judge:

Defendant Pete Green filed a Motion to Dismiss Indictment based on no probable cause to arrest.

United States Magistrate Judge Tom Schanzle-Haskins has entered a Report and Recommendation, wherein he recommends that the motion be denied.

Pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.2, the Defendant has filed objections to the magistrate judge's Report and Recommendation.

I.

On October 2, 2019, Defendant Pete Green was indicted for distribution of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count One); possession

1

with intent to distribute a fentanyl analog, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count Two); possession with intent to distribute cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count Three); possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), (c)(1)(B)(i), and (c)(1)(A)(iii) (Count Four); felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count Five); Forfeiture Allegations; and Special Findings in connection with Count Two, pursuant to 21 U.S.C. § 851, that Defendant was convicted of murder in Cook County, Illinois, Circuit Court Case No. 1996CR2614402.

The Defendant claims the Affidavit in Support of the Arrest Warrant was insufficient to establish probable cause. He states that the confidential source ("CS") did not testify or appear before the issuing judge for the search warrant. The Defendant acknowledges that the CS has previously provided reliable and accurate information related to drug trafficking in the Springfield, Illinois area. However, he states that no further information or details are given. It is not stated whether any prosecutions resulted and, if so, the result of those prosecutions. Accordingly, the Defendant contends that the Affidavit was insufficient, and the Indictment should be dismissed.

Regarding the Affidavit, the magistrate judge found as follows:

1. The CS provided valuable information in the past.

2. The CS told law enforcement officials that a person named "Paris" provided the CS with 35 grams of heroin. The CS provided law enforcement officials with the 35 grams of heroin.

3. The CS made recorded telephone calls with "Paris" which established the following:

- "Paris" instructed the CS to sell 18 grams of the heroin for $1,500.00;
- CS told "Paris" that he had $1,900.00 in proceeds from the sale of some of the heroin; and
- "Paris" and CS arranged for a meeting so that CS could give "Paris" $1,900.00 that the CS told "Paris" was proceeds from the sale of the heroin.

4. The CS and the CS's vehicle were searched and clear of contraband. CS's vehicle was equipped with audio and video recording equipment. CS was given the $1,900.00 to pay "Paris" and drove under law enforcement surveillance to the designated location to meet "Paris."

5. Green showed up at the designated location at the agreed upon time with the backpack, put the backpack into the trunk of CS's vehicle, got into CS's vehicle, and accepted the $1,900.00 in supposed proceeds from the heroin sale.

6. CS and Green had a conversation about heroin while in CS's vehicle.

7. The K9 alerted on the trunk of CS's vehicle indicating the presence of illegal drugs.

8. The subsequent search showed that the backpack contained heroin, crack cocaine, a pistol, and a digital scale.

9. Green was a convicted felon.

Doc. No. 17, at 9-10.

The magistrate judge considered this information and found it was sufficient to demonstrate to a prudent person that criminal conduct has occurred. Moreover, given that Defendant showed up at the designated time and place and accepted the payment of $1,900.00, there was a high probability that the Defendant is the drug dealer known to the CS as "Paris." The magistrate judge further found the fact that the probable drug dealer put the backpack into the trunk of the CS's vehicle and the subsequent search showed the backpack contained drugs and a weapon would demonstrate to a prudent person that Green was engaging in criminal conduct involving illegal drug trafficking, possession of a weapon by a felon and possession of a weapon in furtherance of drug trafficking. Accordingly, the magistrate judge determined that the Affidavit established probable cause to arrest the Defendant.

In his Objection, the Defendant claims the Affidavit is not credible due to the following factors:

1. The CS did not testify before the judge;

2. The police did not corroborate prior to the CS's statements;

3. It is unknown whether the knowledge of the Informant is first-hand information and should have been disclosed;

4. The amount of detail was insufficient;

5. Financial motives and payment were not disclosed; and

6. The specifics of the criminal history of the CS were not disclosed.

Doc. No. 18, at 2.

## II.

As the magistrate judge found, the cases relied on by the Defendant are not similar to the facts in this case. In *United States v. Bell*, 585 F.3d 1045 (7th Cir. 2009), the Seventh Circuit noted that the confidential informant stated he had seen cocaine and a large sum of cash on a table in the defendant's living room and described the location of the apartment. *See id*. at 1048. He also stated he had seen crack cocaine and a handgun underneath the couch on previous occasions. *See id*. The Seventh Circuit observed that the affidavit did not say whether the confidential informant had provided information to law enforcement in the past. *See id*. at 1050.

The affidavit also did not describe the nature of the informant's relationship with the defendant. *See id*. The affidavit did not specify how much crack cocaine was in the defendant's apartment. *See id*. There also is no indication of when the confidential informant previously saw crack cocaine and a firearm at the apartment. *See id*. The Seventh Circuit further found that the officer's "corroborative evidence was limited to a criminal record check and conclusory statements from even more questionable informants." *Id*. at 1051. Upon considering the totality of circumstances, the Seventh Circuit found that the affidavit did not establish probable cause to search the defendant's apartment. *See id*.

In *United States v. Glover*, 755 F.3d 811 (7th Cir. 2014), the Seventh Circuit noted that certain relevant and damaging information about the informant's credibility—his criminal activity while serving as an informant, gang activity, previous use of aliases to deceive police and expectation of payment—undermined the informant's credibility and the probable cause determination. *See id*. at 817-18. The court stated that "omission of an informant's criminal background and financial motive is not necessarily essential to the probable cause determination . . . in the context of a detailed affidavit that had been extensively corroborated." *Id*. at 818.

The magistrate judge determined that the facts in this case are not like to those in *Bell* or *Glover*. The Affidavit in Support of Arrest provided that that the CS cooperated with law enforcement for financial gain and had prior convictions for

6

larceny, forgery, fraudulent activity and obstructing. Moreover, the CS had previously provided information that has proven accurate to law enforcement relating to drug trafficking activity in the Springfield, Illinois area.

Additionally, the CS accurately described the amount of heroin provided by "Paris." The audio and visual recordings and the personal observations of law enforcement established that Defendant showed up at the agreed upon location to collect the $1,900.00 for the heroin sold. The Defendant and CS discussed heroin and the Defendant accepted the $1,900.00 payment. This provided probable cause to believe the Defendant was "Paris" and had supplied the CS with heroin for distribution. The officers personally saw the Defendant place the backpack in the trunk of the CS's vehicle. The K9 alerted on the trunk of the CS's vehicle indicating the presence of illegal drugs.

Given the extensive amount of corroboration and based on the totality of circumstances, the Court finds that the Affidavit was credible and provided probable cause to arrest the Defendant. Accordingly, there is no basis to dismiss the Indictment.

Ergo, pursuant to 28 U.S.C. § 636(b)(1)(C), the Court hereby ADOPTS and ACCEPTS the Report and Recommendation of United States Magistrate Judge Tom Schanzle-Haskins [d/e 17].

The Defendant's Motion to Dismiss Indictment based on no probable cause to arrest [d/e 13] is DENIED.

ENTER: January 16, 2020

FOR THE COURT:

/s/ *Richard Mills*
Richard Mills
United States District Judge