# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 19-cr-30053 |
| PETE GREEN, | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court for a Report and Recommendation on Defendant Pete Green's Motion to Suppress Evidence (d/e 20) (Motion). For the reasons set forth below, the Motion should be DENIED.

## BACKGROUND

The Court set forth in detail the facts surrounding the search at issue in its Report and Recommendation entered December 13, 2019 (d/e 17) (R&R 17). The Court will not restate the facts in detail here. Defendant Green further bases his Motion on a legal argument and not a factual dispute. A hearing, therefore, is not necessary.

The pertinent facts are that on September 11, 2019, Green was a passenger in a vehicle driven by a law enforcement Confidential Source

(CS) in Springfield, Illinois. An Illinois State Police Trooper (Trooper) observed the CS commit traffic violations of improper lane usage and failure to signal. The Trooper drove a state highway patrol vehicle in which he had a drug sniffing dog. The Trooper made a traffic stop of the CS's vehicle. R&R 17, at 6. Green concedes the traffic stop was lawful, "Even though the vehicle which was driven by the confidential source was lawfully stopped, the Defendant suggests that the Confidential Source deliberately violated Illinois traffic laws to create a traffic offense." Memorandum in Support of Defendant's Motion to Suppress Evidence (d/e 21) (emphasis added), at 4. Green's vague speculation about the motives of the CS is not sufficient to raise a triable issue of fact about the validity of the stop, particularly when Green concedes that the stop was legally valid. See United States Villegas, 388 F.3d 317, 325 (7th Cir. 2004) (A defendant must allege "definite, specific, non-conjectural and detailed" facts to present a triable disputed issue of fact in a motion to suppress.). The Trooper made a valid traffic stop.

The Trooper used the drug sniffing dog to conduct a free air sniff around the CS's vehicle. The drug sniffing dog alerted on the trunk of the vehicle. A search of the CS's vehicle was conducted. A black backpack in the trunk contained a loaded Taurus 9 millimeter pistol, approximately 50

grams of suspected heroin, approximately 20 grams of crack cocaine, an electronic scale, and four cell phones. R&R 17, at 6.

Green argues that the search of the backpack was illegal because the officers lacked probable cause to believe that the backpack had contraband in it. Green's argument is groundless. Green concedes the Trooper made a valid traffic stop for improper lane usage and failure to signal. The Trooper making the stop had the drug sniffing dog with him and immediately conducted the open air sniff. Such an open-air sniff is lawful during the course of a valid traffic stop. Illinois v. Caballes, 543 U.S. 405, 407 (2005).[1] The dog alerted on the trunk. The alert provided a probable cause to search for contraband in the trunk without a warrant. Caballes, 543 U.S. at 407; see United States v. Guidry, 817 F.3d 997, 1005 (7th Cir. 2016). The scope of the permissible search included containers in the trunk such as the backpack. United States v. Ross, 456 U.S. 798, 825 (1982) ("If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search."); see California v. Acevedo, 500 U.S. 565, 572 (1991) ("[T]his Court in Ross took the critical step of saying that

---

[1] The Trooper did not unreasonably detain Green past the time needed to conduct the traffic stop because the Trooper making the stop had the dog with him and started the open air sniff immediately after making the stop. Compare Rodriguez v. Jones, 575 U.S. 348, 354-56 (2015). Green makes no claim that the Trooper unreasonably extended the stop to conduct the open air sniff of the car.

closed containers in cars could be searched without a warrant because of their presence within the automobile."); see also Wyoming v. Houghton, 526 U.S. 295, 301 (1999).  The search was valid.  The Motion should be denied.  Green's arguments to the contrary are not persuasive.

THEREFORE, THIS COURT RECOMMENDS that Defendant Green's Motion to Suppress Evidence (d/e 20) should be DENIED.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to file a timely objection will constitute a waiver of objections on appeal.  See Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986).  See Local Rule 72.2.

ENTER:   January 23, 2020

*s/ Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE