IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 19-30053 |
| PETE GREEN, ) | |
| Defendant. ) | |

# OPINION

RICHARD MILLS, United States District Judge:

Defendant Pete Green filed a Motion to Suppress.

United States Magistrate Judge Tom Schanzle-Haskins has entered a Report and Recommendation, wherein he recommends that the motion be denied.

Pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.2, the Defendant has filed objections to the magistrate judge's Report and Recommendation.

Upon reviewing the entire record, the Court concludes no hearing is warranted.

I.

On October 2, 2019, Defendant Pete Green ("Green") was indicted for distribution of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count One); possession with intent to distribute a fentanyl analog, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count Two); possession with intent to distribute cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count Three); possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), (c)(1)(B)(i), and (c)(1)(A)(iii) (Count Four); felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count Five); Forfeiture Allegations; and Special Findings in connection with Count Two, pursuant to 21 U.S.C. § 851, that Defendant was convicted of murder in Cook County, Illinois, Circuit Court Case No. 1996CR2614402.

In a previous Report and Recommendation [d/e 17], the magistrate judge set forth the detailed factual background. In the Report and Recommendation [d/e 25] now at issue, the magistrate judge noted additional pertinent facts. The Court need not restate those facts.

The motion to suppress concerns a traffic stop on September 11, 2019 in Springfield, Illinois. In his motion, Green states that he placed a backpack in the trunk of the confidential source's vehicle. They then drove to a JC Penney

Department Store. Green entered the store and the confidential source drove away with the backpack. The police did not search the backpack at that time.

Green later exited the store, met with the confidential source and entered the confidential source's vehicle. Thereafter, the vehicle driven by the confidential source was lawfully stopped and Green was arrested. A drug sniffing dog alerted of contraband in the backpack. The police opened Green's backpack without obtaining consent or a search warrant.

Green claims the police had no probable cause that the backpack contained contraband or evidence of a crime. He alleges it could not be searched without a warrant. Green further contends the K-9 indication does not cure the primary illegality because the search of the backpack and discovery of contraband and evidence were the fruits of the poisonous tree and should be suppressed.

II.

The magistrate judge found that the traffic stop was lawful, as Green has acknowledged. Although Green suggests that the confidential source deliberately violated Illinois traffic laws to create an offense, the Court agrees with the magistrate judge that such vague speculation does not create an issue of fact regarding the validity of the stop.

Green's assertion that the search of the backpack was illegal because the officers lacked probable cause is without merit. The traffic stop was conducted by an ISP K-9 officer, who immediately deployed his K-9 partner to conduct a free air sniff of the confidential source's vehicle. An open-air sniff is lawful during a valid traffic stop. *See Illinois v. Caballes*, 543 U.S. 405, 407 (2005). Given that the K-9 was with the officer who conducted the stop, the Court concludes that the officer did not unreasonably detain Green past the time needed to conduct the traffic stop. The dog alerted on the truck, thereby providing probable cause to search the truck without a warrant. *See United States v. Washburn*, 383 F.3d 638, 643 (7th Cir. 2004). The scope of the permissible search included containers in the trunk such as the backpack. *See United States v. Ross*, 456 U.S. 798, 825 (1982); *California v. Acevedo*, 500 U.S. 565, 572 (1991) ("[T]his Court in *Ross* took the critical step of saying that closed containers in cars could be searched without a warrant because of their presence within the automobile."). Accordingly, the magistrate judge found that the search was valid, and the motion should be denied.

In his Objection to the Report and Recommendation, Green claims that there is no showing that police could have had any reasonable belief that the backpack contained contraband. Green asserts the dog alerted on the trunk which does not necessarily mean specifically on the backpack. Obviously, when contraband was not immediately apparent in plain sight, it was reasonable for the officer to search

places within the trunk where drugs might be concealed—such as a backpack. Accordingly, Green's assertion is without merit.

Citing *United States v. Lewis*, 920 F.3d 483 (7th Cir. 2019), Green contends the officer lacked reasonable suspicion to justify a dog sniff during a lawful traffic stop. *See id*. at 492-93. The Court disagrees. Officers had searched the confidential source's vehicle before the confidential source met with Green. They knew the vehicle did not contain contraband at that time. Officers observed Green place the backpack in the car. It thus was reasonable for the officer to believe the drugs were in the backpack.

Green again suggests that the confidential source deliberately violated traffic laws to create a traffic offense in order to be stopped. Obviously, that is mere speculation. Green acknowledges the vehicle was lawfully stopped. The officer who conducted the traffic stop deployed the drug sniffing dog that accompanied him. Because the dog was already at the scene of the traffic stop, the drug sniff did not impermissibly extend the stop. The dog alerted, thereby creating probable cause to search the vehicle. Pursuant to *Acevedo*, the officer had probable cause to search the backpack. Green's arguments to the contrary are without merit.

Ergo, pursuant to 28 U.S.C. § 636(b)(1)(C), the Court hereby ADOPTS and ACCEPTS the Report and Recommendation of United States Magistrate Judge Tom Schanzle-Haskins [d/e 25].

The Defendant's Motion to Suppress Evidence [d/e 20] is DENIED.

ENTER: March 4, 2020

FOR THE COURT:

/s/ *Richard Mills*
Richard Mills
United States District Judge