IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-cr-30053 |
| ) | |
| PETE GREEN, ) | |
| ) | |
| Defendant. ) | |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant Pete Green's Motion to Reconsider Detention Order (d/e 32) (Motion). For the reasons set forth below, the Motion is DENIED.

On September 12, 2019, a Criminal Complaint was filed against Defendant Green alleging that on September 11, 2019, he committed the crimes of possession of a firearm by a convicted felon, possession of a firearm in furtherance of a drug trafficking offense, and possession with intent to distribute controlled substances. Criminal Complaint (d/e 1). Defendant was arrested on September 12, 2019. On September 17, 2019, Defendant consented to pretrial detention. See Detention Order (d/e 7).

At the time of Defendant's detention, the Illinois Department of Corrections (IDOC) had issued a warrant (Warrant) to arrest Defendant Green for violating

the terms of his mandatory supervised release from state custody.  Defendant had been convicted in Illinois state court on September 16, 1996, on charges of murder and attempted murder and was sentenced to 45 years imprisonment with the IDOC.  He was released on supervised release on February 8, 2019.  Green was on state supervised release when he allegedly committed the offenses set forth in the Criminal Complaint.

On October 2, 2019, the grand jury indicted Defendant Green on charges of distribution of a substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count 1); possession with intent to distribute 10 grams or more of fentanyl analog, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count 2); possession with intent to distribute cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count 3); possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), (c)(1)(B)(i), and (c)(1)(A)(iii) (Count 4); and felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  Indictment (d/e 9).

Defendant moves for reconsideration of his detention order because the IDOC has vacated the Warrant.  Defendant Green proposes to return to his primary residence in Saulk Village, Illinois, in the Northern District.  He proposes to live with his long-time girlfriend and fiancé Donna Wilson and return to his prior employment.  The Government objects to release because of the nature of the

offenses alleged in the Indictment, the strength of the evidence against Defendant, Defendant's criminal history, and the fact that he allegedly committed the offenses in the Indictment while he was on state supervised release.

## ANALYSIS

This Court may reconsider Green's detention order if information not known to Green at the time of the detention hearing has a material bearing on the issue of whether there are conditions or combination of conditions of release that will reasonably assure Green's appearance in this case and the safety of any other person and the community. 18 U.S.C. § 3142(f). The vacation of the state Warrant is new information not known to Green at the time of the detention hearing. After careful consideration, however, that new information does not demonstrate that conditions of release will reasonably assure the safety of other persons and the community.

In determining whether conditions of release will reasonably assure Green's appearance in this case and the safety of any person and the community, this Court must consider the following factors:

> **(g) Factors to be considered.--**The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--
>
> > **(1)** the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation

of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

**(2)** the weight of the evidence against the person;

**(3)** the history and characteristics of the person, including--
    **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

**(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g).

Furthermore, the Indictment charges Green with drug trafficking crimes that raise a rebuttable presumption that no condition or combination of conditions will reasonably assure Green's appearance and the safety of any member of the

community.  18 U.S.C. § 3142(d)(3).  This presumption "represents Congressional findings that certain offenders, including narcotics violators, as a group are likely to continue to engage in criminal conduct undeterred either by the pendency of charges against them or by the imposition of monetary bond or other release conditions."  United States v. Dominguez, 783 F.2d 702, 707 (7th Cir. 1986).  If Green rebuts the presumption, the presumption does not disappear, but "remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)." Id.

The fact that the IDOC vacated the Warrant does not rebut the presumption under § 3142(g).  Green states that the IDOC vacated the Warrant because his sentence had expired, not because the IDOC had evidence that he would not flee or was not a danger to the community.  See Motion ¶ 4.

The proffered evidence in this case also shows reason to believe the presumption that Green would be a danger to the community.  Green was convicted in Illinois state court of violent crimes, murder and attempted murder.  He was released on state supervised release.  The Indictment alleges that while on state supervised release he committed serious drug trafficking crimes and he possessed a firearm in furtherance of those drug trafficking crimes.

The Affidavit accompanying the Criminal Complaint (Affidavit) demonstrates that the evidence against Green is strong. Green was recorded discussing drug transactions with a confidential source (CS). Green was recorded accepting $1,900 in payment for distribution of controlled substances. Law enforcement officers observed Green place a backpack (Backpack) in the trunk of a vehicle driven by CS (Vehicle). The Vehicle remained under constant surveillance by law enforcement officials from the time Green put the Backpack in the trunk until law enforcement officers had probable cause to search the Vehicle and its contents for controlled substances. See Affidavit ¶¶ 5-17; Opinion entered March 5, 2020 (d/e 28), at 3-5 (holding the search of the Vehicle and Backpack were valid and based on probable cause). From the moment Green put the Backpack into the trunk of the Vehicle until law enforcement officers conducted the search, no one touched the Backpack. Affidavit ¶¶ 12-17. Once officers had probable cause to search, officers searched the Backpack and found that it contained probable heroin, crack cocaine, and a loaded firearm. Affidavit ¶ 17. This evidence is very strong that Green committed serious felonies that threatened the safety of the community while on state supervised release.

Green also submitted several character reference letters (Letters) in support of the Motion. The Letters tend to show that Green has ties to the

community where he lived before his arrest in this case and would likely be able to return to his prior employment in that community if released.  The Letters may rebut the inference that Green is a flight risk.

None of the Letters, however, controvert the strong evidence that Green committed serious crimes in violation of his supervised release.  As such, the Letters do not rebut the statutory presumption and the evidence set forth in the Affidavit that Green would present a danger to the community if released on bond.  After careful consideration of Green's Motion and supporting evidence, and the other relevant evidence in this case, the Court finds that no condition or combination of conditions of release of Defendant Green will reasonably assure the safety of any person and the community.

THEREFORE, IT IS ORDERED that Defendant Pete Green's Motion to Reconsider Detention Order (d/e 32) is DENIED.

ENTER:  December 11, 2020

*s/ Tom Schanzle-Haskins*
TOM SCHANZLE-HASINS
UNITED STATES MAGISTRATE JUDGE